# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

GEORGIA REPUBLICAN PARTY, NEW
YORK REPUBLICAN STATE COMMITTEE,
and TENNESSEE REPUBLICAN PARTY,

   *Petitioners,*

   v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION, and
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

   *Respondents.*

No. 16-16623

## PETITIONERS' RESPONSE TO THE COURT'S
## JURISDICTIONAL QUESTION

JASON TORCHINSKY
SHAWN SHEEHY
HOLTZMAN VOGEL JOSEFIAK
 TORCHINSKY PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808
jtorchinsky@hvjt.law

H. CHRISTOPHER BARTOLOMUCCI
EDMUND G. LACOUR JR.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
cbartolomucci@kirkland.com

*Counsel for Petitioners Georgia Republican Party,*
*New York Republican State Committee, and*
*Tennessee Republican Party*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), each of the Petitioners—the Georgia Republican Party, New York Republican State Committee, and Tennessee Republican Party—certifies that it has no parent corporation and that no publicly held corporation owns more than ten percent of its stock.

Pursuant to Eleventh Circuit Rule 26.1-2, Petitioners state that the following entities and persons have an interest in the outcome of this proceeding:

Bancroft PLLC, counsel for Petitioners

Bartolomucci, H. Christopher, counsel for Petitioners

Berger, Jeffrey Alan, counsel for the Securities and Exchange Commission

Bulsara, Sanket, counsel for the Securities and Exchange Commission

Conley, Michael A., counsel for the Securities and Exchange Commission

Crane, Victoria, counsel for FINRA

Davis Polk & Wardwell LLP, counsel for FINRA

Duggan, Charles S., counsel for FINRA

Financial Industry Regulatory Authority, Inc., Respondent

Georgia Republican Party, Petitioner

Holtzman Vogel Josefiak Torchinsky PLLC, counsel for Petitioners

Kirkland & Ellis LLP, counsel for Petitioners

LaCour, Edmund, counsel for Petitioners

New York Republican State Committee, Petitioner

Polubinski, Edmund, counsel for FINRA

Tennessee Republican Party, Petitioner

Tobak, Marc J., counsel for FINRA

Torchinsky, Jason, counsel for Petitioners

Toscano, David B., counsel for FINRA

Sheehy, Shawn, counsel for Petitioners

Small, Anne K., counsel for the Securities and Exchange Commission

Securities and Exchange Commission, Respondent

s/H.  Christopher  Bartolomucci  
H. Christopher Bartolomucci

## PETITIONERS' RESPONSE TO THE COURT'S JURISDICTIONAL QUESTION

Petitioners from Georgia, New York, and Tennessee filed in this Court a joint petition for review of an order issued by the Securities and Exchange Commission ("Commission" or "SEC"). The Exchange Act's judicial review provision allows a person aggrieved by a final order of the Commission to "obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit," by filing a petition for review in such court. 15 U.S.C. §78y(a)(1); *see also id*. §78y(b)(1) (same procedure for review of SEC rules). Section 78y thus grants each United States Court of Appeals jurisdiction to review challenges to Commission orders and rules, a position this Court has affirmed when interpreting nearly identical statutes governing judicial review of other agency orders. Moreover, had the New York and Tennessee Petitioners filed separate petitions for review of the Commission's order in other circuits after the Georgia Petitioner filed its petition here, those later petitions would have been transferred to this Court, which undoubtedly would have had jurisdiction to consider all three petitions. *See* 28 U.S.C. §2112(a). Thus, while only one of the three Petitioners has its principal place of business in the Eleventh Circuit, this Court has jurisdiction over their joint petition.

Venue is also proper in this Court under Section 78y. Section 78y's permissive venue provision gives petitioners the choice as to where to file challenges to Commission orders. Courts interpreting the similar venue provision that governs civil actions against federal agencies in federal district court have uniformly held that venue is proper as to all plaintiffs so long as it is proper as to one plaintiff. The same reading should be given to Section 78y to promote judicial economy and petitioners' interest in filing in a convenient forum.

## BACKGROUND

In this case, Petitioners the Georgia Republican Party, the New York Republican State Committee, and the Tennessee Republican Party (the "State Parties") challenge an attempt by the SEC and the Financial Industry Regulatory Authority, Inc. ("FINRA") to restrict First Amendment-protected political contributions made by FINRA member firms and their employees. The Political Contribution Rule proposed by FINRA and approved by the SEC exceeds the latter's statutory authority—the SEC is not Congress or the Federal Election Commission and has no power to regulate lawful political contributions—and also violates the First Amendment. The Commission formally approved the FINRA Political Contribution Rule in an order dated August 25, 2016, and published in the Federal Register on August 31, 2016. *See* Securities and Exchange Commission, *Self-Regulatory Organizations; Financial Industry Regulatory Authority, Inc.;*

*Order Approving a Proposed Rule Change to Adopt FINRA Rule 2030 and FINRA Rule 4580 to Establish "Pay-To-Play" and Related Rules*, 81 Fed. Reg. 60,051 (Aug. 31, 2016).

The Georgia Republican Party, true to its name, is a political organization with its principal place of business in Georgia. Likewise, the New York Republican State Committee is a political organization with its principal place of business in New York, and the Tennessee Republican Party is a political organization with its principal place of business in Tennessee.

On October 19, 2016, the State Parties timely filed a petition in this Court pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure, Section 25(a) of the Exchange Act, 15 U.S.C. §78y(a), and Sections 702 and 706 of the Administrative Procedure Act, 5 U.S.C. §§702 and 706. Section 78y provides a general grant of authority to all federal courts of appeals to review final orders of the Commission and gives petitioners a choice as to which court may hear their challenge:

> A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit ….

15 U.S.C. §78y(a)(1). In their petition, the State Parties explained that they were adversely affected by the Commission order approving the FINRA Political

Contribution Rule and that they had urged their challenges to the Rule before the Commission.

## ARGUMENT

## I.     This Court Has Jurisdiction Over The Petition For Review.

Section 78y confers jurisdiction on this Court over the State Parties' petition for review, as decisions of the Supreme Court and this Court interpreting nearly identical judicial review statutes confirm.  In *Panhandle Eastern Pipe Line Co. v. FPC*, 324 U.S. 635 (1945), the Supreme Court assessed the jurisdictional import of the Natural Gas Act's provision governing judicial review of the Federal Power Commission's ("FPC") orders.  In terms materially indistinguishable from Section 78y, the Natural Gas Act provides:

> Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia ….

15 U.S.C. §717r(b).  The petitioner in *Panhandle Eastern* had stated that its principal place of business was within the Eighth Circuit, a proposition that went unchallenged until after the appellate court affirmed the FPC's order.  324 U.S. at 638.  Following the Eighth Circuit's ruling, another party intervened and argued that the Eighth Circuit lacked jurisdiction because the petitioner's principal place of business was *not* within the circuit.  *Id.*  The Supreme Court held that this

objection "goes to venue not to jurisdiction." *Id.* The Court determined that Section 717r(b) constituted a "general grant of authority … to all the courts of appeal," which meant that the Eighth Circuit had jurisdiction to consider the petition for review, whether the petitioner resided in that circuit or elsewhere. *Id.* at 639. The intervenor's "question of which [circuit] should exercise the power in a particular case is a question of venue," not jurisdiction. *Id.*

Accordingly, when a natural gas company with its principal place of business outside this Circuit filed a petition under the Natural Gas Act, this Court held that the "Act's provision for the place to file a petition for review involves only matters of venue and not a question of jurisdiction. We have jurisdiction over the petition." *Georgia-Pac. Corp. v. FPC*, 512 F.2d 782, 783 (5th Cir. 1975) (citing *Panhandle Eastern*, 324 U.S. at 638-39).

These decisions make clear that the Court likewise has jurisdiction in this case. Section 78y(a)—which is identical in all material respects to the Natural Gas Act's judicial review provision—"invest[s] all intermediate federal courts with the power to review orders of the Commission." *Panhandle Eastern*, 324 U.S. at 638. Thus, whether one, none, or each of the Petitioners has its principal place of business outside the Eleventh Circuit has no bearing on whether this Court has jurisdiction under Section 78y.

The Court's jurisdiction over this case is further confirmed by 28 U.S.C. §2112(a), the statute that governs which court should consider a challenge to an agency order when multiple petitions for review of the same order are filed in different courts of appeals. When such challenges are filed in different courts of appeals more than ten days after the order is issued, the agency that promulgated the order is required to file the administrative record in the court in which proceedings were first instituted. §2112(a)(1). Once the record is filed with that court, the other courts in which proceedings are pending "shall transfer those proceedings to the court in which the record is so filed." §2112(a)(5).[1] Had the Georgia party alone filed its petition for review with this Court, and the Tennessee and New York parties then filed separate petitions in other circuits, those circuits would have been required to transfer those petitions to this Court, which would have had jurisdiction over all three petitions. Thus, the Tennessee and New York parties' residence outside the Eleventh Circuit is plainly no barrier to this Court exercising jurisdiction over their petition filed jointly with the Georgia party.

---

[1] If multiple petitions for review are filed in different courts within ten days after the agency issues its order, the judicial panel on multidistrict litigation shall select at random one of the courts that received a petition for review as the court where the agency must file the administrative record. 28 U.S.C. §2112(a)(1). All other courts in which proceedings have been instituted shall then transfer those proceedings to the designated courts. §2112(a)(5).

Indeed, in a very similar case involving the State Parties' challenge to an SEC order approving the expansion of the political contribution rule of the Municipal Securities Rulemaking Board ("MSRB"), this Court transferred pursuant to §2112 a petition for review filed here by the Georgia Republican Party and the New York Republican State Committee to the Sixth Circuit, where the Tennessee Republican Party had filed a petition a day before the Eleventh Circuit petition. *See* Order, *Georgia Republican Party v. SEC*, No. 16-11656 (11th Cir. June 24, 2016) (attached as Exhibit A). The Sixth Circuit then denied the motion of the MSRB to transfer the case to the D.C. Circuit. *See* Order, *Tennessee Republican Party v. SEC*, No. 16-3360 (6th Cir. June 30, 2016) (attached as Exhibit B). Thus, the Sixth Circuit is exercising jurisdiction over a challenge brought by the same three State Parties that are in this case to an SEC order and a political contribution rule after receiving the petition filed in this Court and declining to transfer the case to the D.C. Circuit.

Finally, even if Section 78y were read—contrary to the statutory text and this Court's precedent—to make a petitioner's residence or principal place of business in the Eleventh Circuit a prerequisite to the Court exercising jurisdiction, the Court would still have jurisdiction because the Georgia Republican Party has its principal place of business in this Circuit. The decision of the New York and Tennessee parties to join the Georgia party's petition does not strip this Court of

jurisdiction. Rather, because the Court plainly has jurisdiction under Section 78y to consider the Georgia Republican Party's challenge to the SEC's order, the Court does not need to consider whether the other Petitioners have standing to join the challenge. *See, e.g.*, *Watt v. Energy Action Educ. Found.*, 454 U.S. 151, 160 (1981) ("Because we find California has standing, we do not consider the standing of the other plaintiffs."); *ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1195 (11th Cir. 2009) ("Because Balzli has standing to raise those claims, we need not decide whether either of the organizational plaintiffs also has standing to do so."); *Jackson v. Okaloosa Cty.*, 21 F.3d 1531, 1536 (11th Cir. 1994) ("In order for this court to have jurisdiction over the claims before us, at least one named plaintiff must have standing for each of the claims.").

## II. Petitioners Have Satisfied The Exchange Act's Venue Requirements.

Petitioners have satisfied the venue requirements of Section 78y because the Georgia Republican Party has its principal place of business in the Eleventh Circuit. Had only the Georgia party filed the petition for review, venue unquestionably would be proper in this Court because it is "the United States Court of Appeals for the circuit in which [the party] resides or has its principal place of business." 15 U.S.C. §78y(a)(1). The decision of the New York and Tennessee parties to join the petition does not alter this conclusion.

"Venue relates to the convenience of litigants." *Panhandle Eastern*, 324 U.S. at 639. And a permissive venue statute like Section 78y, which allows a petitioner to file "in any circuit where [it] is located or has its principal place of business[,] is designed to serve the convenience of the" petitioner. *Id.* "Congress … gave no preference to the District of Columbia as the venue for review of Commission orders," and thereby "left the initial venue choice to the petitioning parties, not to the Commission." *Formaldehyde Inst., Inc. v. U.S. Consumer Prod. Safety Comm'n*, 681 F.2d 255, 262 (5th Cir. 1982). Thus, because Section 78y is designed to prioritize the petitioners' choice as to where a challenge should be heard, the Court should hold that only one petitioner to a joint petition must reside or have its principal place of business in the circuit where the petition is filed to satisfy Section 78y's venue requirement.

That is the precise interpretation courts have consistently given to 28 U.S.C. §1391(e), the federal venue provision governing suits against federal officers and employees, federal agencies, and the United States. The statute provides that such actions may be brought:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

§1391(e)(1). Similar to Section 78y, "Section 1391(e) aimed to make it more convenient for an aggrieved person to file suit against a federal entity" by "'mak[ing] it possible to bring actions against Government officials and agencies in U.S. district courts outside the District of Columbia.'" *Sidney Coal Co. v. Soc. Sec. Admin.*, 427 F.3d 336, 344 (6th Cir. 2005) (quoting *Stafford v. Briggs*, 444 U.S. 527, 539 (1980)).

Just as Section 78y allows "[a] person" to "obtain review … in the United States Court of Appeals for the circuit in which he resides," 15 U.S.C. §§78y(a)(1), (b)(1), Section 1391(e)(1)(C) allows actions to "be brought in any judicial district in which … the plaintiff resides …."  Courts have repeatedly considered whether "the words 'the plaintiff' … require *each* plaintiff or *all* plaintiffs to reside in the judicial district," and "[e]ach court faced with the same issue has interpreted 'the plaintiff' to mean 'any plaintiff.'" *Sidney Coal*, 427 F.3d at 344.  This "broad interpretation is not only the majority view—it is the only view adopted by the federal courts since 1971."  *Id*. at 345 (collecting cases); *see also Crane v. Napolitano*, 920 F. Supp. 2d 724, 746 (N.D. Tex. 2013) ("Courts have held that venue is proper as to all plaintiffs if suit is brought in a district where any one or more of the plaintiffs resides."), *aff'd*, 783 F.3d 244 (5th Cir. 2015); *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1302 (N.D. Ala. 2003) ("[C]ounsel for both the Commissioner and the Trustees conceded that, even with the vast resources of

their respective law groups, they could not identify a single case deciding that §1391(e)(3) should be interpreted to mean *all* plaintiffs."). And just as "federal courts have consistently and conclusively held that the statutory language in 28 U.S.C. §1391(e)(3) regarding the residency of 'the plaintiff' should be interpreted to mean *any* plaintiff rather than *all* plaintiffs," *A.J. Taft Coal*, 291 F. Supp. 2d at 1301,[2] this Court should hold that venue is established whenever *any* petitioner aggrieved by an SEC order or rule files a petition in the court of appeals for the circuit in which the petitioner resides or has its principal place of business.

This interpretation of Section 78y is supported by Federal Rule of Appellate Procedure 15, which addresses the review of agency orders through a joint petition. Rule 15 provides that if multiple parties seek to challenge the same order and "their interests make joinder practicable, two or more persons may join in a petition to the same court to review the same order." Fed. R. App. P. 15(a)(1). To be sure, "Rule 15(a) … cannot be construed to extend or limit the jurisdiction of the courts of appeals," *Ingalls Shipbuilding Div., Litton Sys., Inc. v. White*, 681 F.2d 275, 284 (5th Cir. 1982), but as explained above, this Court already has jurisdiction to consider the petition for review. Because the Eleventh Circuit is thus

---

[2] Until 2011, the provision that is now codified at Section 1391(e)(1)(C) was codified at Section 1391(e)(3). *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title II, §202, Dec. 7, 2011, 125 Stat. 758, 762-65.

"authorized to review the agency order," Fed. R. App. P. 15(a), and the interests of the three parties make their joinder practicable (and plainly desirable for purposes of judicial economy) the Court is a proper venue to consider the petition.

Finally, the operation of 28 U.S.C. §2112 demonstrates why Section 78y should not be interpreted to require each petitioner on a joint petition to independently establish venue. As noted above, 28 U.S.C. §2112 applies when petitioners request review of the same order in different courts of appeals. And under that provision, if the New York and Tennessee parties had declined to join the Georgia party's petition and had then filed separate petitions in other circuits (or a joint petition in another circuit), so long as the Georgia party's petition was filed more than ten days after the issuance of the order and before the other parties' petitions, the New York and Tennessee parties' challenges would be automatically transferred to this Court. As discussed above, when the Georgia and New York parties in the MSRB case filed a petition for review in this Court a day after the Tennessee party had filed a petition in the Sixth Circuit, this Court transferred the petition before it to the Sixth Circuit. Thus, requiring the non-resident parties to first file outside the Eleventh Circuit before inevitably ending up before this Court would be pointless. Rather than requiring this wasteful exercise, the Court should hold that, under Section 78y, venue is established in a federal court of appeals if at least one of the petitioners seeking review of an order or rule resides in or has its

principal place of business in that circuit. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

\* \* \*

The petition in this case was filed by a Petitioner, the Georgia Republican Party, that has its principal place of business in this Circuit, and the petition was joined by two other state political parties. Petitioners are not aware of any authority, binding or non-binding, that required the submission of their joint petition to the Court of Appeals for the District of Columbia Circuit rather than this Court. Accordingly, Petitioners' exercise of their "venue privilege" should not be disturbed. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013).[3]

## CONCLUSION

The Court has jurisdiction over this petition, and venue is proper in this Court. Under the broad review provision of Section 78y, the parties' joint petition was properly filed in this Court, and it could have been properly filed in the

---

[3] Respondents have not asked this Court to transfer the case to a different circuit. *See Tenneco Oil Co. v. EPA*, 592 F.2d 897, 900 (5th Cir. 1979) ("As a general rule, in the absence of unusual circumstances compelling transfer, courts have not exercised their inherent power to transfer to disturb a party's choice of forum."). The relevant considerations would not support such a transfer in any event. *See id.* ("Here, transfer would not serve the purposes of judicial economy or convenience of the parties. No other interested parties have sought review, and the petitioners have chosen to litigate in this forum.").

Second, Sixth, or D.C. Circuits as well. The Court, therefore, should retain jurisdiction over these proceedings.

Respectfully submitted,

s/H. Christopher Bartolomucci
H. CHRISTOPHER BARTOLOMUCCI
EDMUND G. LACOUR JR.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
cbartolomucci@kirkland.com

JASON TORCHINSKY
SHAWN SHEEHY
HOLTZMAN VOGEL JOSEFIAK
  TORCHINSKY PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808
jtorchinsky@hvjt.law

*Counsel for Petitioners Georgia Republican Party, New York Republican State Committee, and Tennessee Republican Party*

Dated:  January 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/H. Christopher Bartolomucci<br>
H. Christopher Bartolomucci

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 3,283 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point font.

January 10, 2017

s/H. Christopher Bartolomucci
H. Christopher Bartolomucci

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11656-H
_____

THE GEORGIA REPUBLICAN PARTY,
NEW YORK REPUBLICAN STATE COMMITTEE,

Petitioners,

versus

SECURITIES AND EXCHANGE COMMISSION,
MUNICIPAL SECURITIES RULEMAKING BOARD,

Respondents.
_____

Petition for Review of a Decision of the
Securities and Exchange Commission
_____

ORDER:

The "Motion of the Securities and Exchange Commission for Mandatory Transfer of This

Case, Pursuant to 28 U.S.C. 2112, to the United States Court of Appeals for the Sixth Circuit" is

GRANTED. The Clerk is directed to TRANSFER this petition for review to the United States

Court of Appeals for the Sixth Circuit.

The "Protective Motion of the Municipal Securities Rulemaking Board to Be

Re-Designated as an Intervenor in Support of Respondent the Securities and Exchange

Commission" is likewise transferred for consideration by the Sixth Circuit.

UNITED STATES CIRCUIT JUDGE

# EXHIBIT B

No.  16-3360

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 30, 2016
DEBORAH S. HUNT, Clerk

TENNESSEE REPUBLICAN PARTY,       )
                                             )
        Petitioner,                )
                                             )
v.                                             )            O R D E R
                                             )
UNITED STATES SECURITIES AND       )
EXCHANGE COMMISSION; MUNICIPAL   )
SECURITIES RULEMAKING BOARD,       )
                                           )
        Respondents.             )

Before:  GUY and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

The Tennessee Republican Party (the "Party") petitions for review of the approval by the
Securities and Exchange Commission ("SEC") of an amendment to Rule G-37 of the Municipal
Securities Rulemaking Board ("MSRB").  MSRB moves to transfer the petition to the United
States Court of Appeals for the District of Columbia.  The SEC supports the motion to transfer,
and the Party opposes a transfer.  In addition, MSRB asserts that it is not a proper respondent and
moves to be re-designated as an intervenor.  The Party opposes the re-designation; MSRB replies
in support.

Under 28 U.S.C. § 2112(a)(5), we are authorized to transfer the petition for review to any
other court of appeals "[f]or the convenience of the parties in the interest of justice."  *See
Eschelon Telecom, Inc. v. FCC*, 345 F.3d 682, 682 (8th Cir. 2003) (order).  There is "a strong

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

presumption in favor of a plaintiff's selected forum, particularly if the forum is the home of the plaintiff, because 'it is reasonable to assume that this choice is convenient.'" *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523–24 (6th Cir. 2010) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981)) (assessing whether a case should be dismissed on the grounds of *forum non conveniens*).  Factors to be considered in addressing a motion to transfer include the location of counsel and the parties, whether the impact of the litigation is local to one region, and whether one circuit is more familiar with the issues or with related issues than other courts.  *See Oil, Chem. & Atomic Workers Local Union No. 6-418 v. NLRB*, 694 F.2d 1289, 1300 (D.C. Cir. 1982).  We conclude that these factors do not overcome the presumption in favor of a plaintiff's selected forum and so the requested transfer is not warranted.

The motion to transfer the petition to the United States Court of Appeals for the District of Columbia is **DENIED**.  The parties are directed to address MSRB's motion to be designated as an intervenor in their merits briefs.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk