*Georgia Republican Party et al. v. SEC*, No. 16-16623

No. 16-16623

_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

GEORGIA REPUBLICAN PARTY,
NEW YORK REPUBLICAN STATE COMMITTEE, and
TENNESSEE REPUBLICAN PARTY,
*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION, and
FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,
*Respondents*.

_____

On petition for review of an order of the Securities and Exchange Commission
_____

SECURITIES AND EXCHANGE COMMISSION'S
CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

_____

Pursuant to Eleventh Circuit Rules 26.1–26.3, the Securities and Exchange Commission files this Certificate of Interested Persons and Corporate Disclosure Statement, which lists the following interested persons and entities:

- H. Christopher Bartolomucci, counsel for petitioners

- Jeffrey A. Berger, counsel for the Securities and Exchange Commission

- Sanket Bulsara, counsel for the Securities and Exchange Commission

- Michael A. Conley, counsel for the Securities and Exchange Commission

- Davis Polk & Wardwell, LLP, counsel for FINRA

C-1 of 2

*Georgia Republican Party et al. v. SEC*, No. 16-16623

- Charles S. Duggan, counsel for FINRA

- Financial Industry Regulatory Authority, Inc., respondent

- The Georgia Republican Party, petitioner

- Holtzman Vogel Josefiak Torchinsky, PLLC, counsel for petitioners

- Kirkland & Ellis, LLP, counsel for petitioners

- Edmund LaCour, Jr., counsel for petitioners

- The New York Republican State Committee, petitioner

- The Tennessee Republican Party, petitioner

- Edmund Polubinski, III, counsel for FINRA

- Securities and Exchange Commission, respondent

- Shawn Sheehy, counsel for petitioners

- Anne K. Small, counsel for the Securities and Exchange Commission

- Mark J. Tobak, counsel for FINRA

- David B. Toscano, counsel for FINRA



UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Jeffrey A. Berger
202-551-5112
bergerje@sec.gov

January 10, 2017

By CM/ECF

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia  30303

     Re:    *The Georgia Republican Party v. SEC* (No. 16-16623)

Dear Mr. Smith:

     Pursuant to this Court's December 27, 2016 order, the Securities and Exchange Commission submits this letter brief to explain why, under the controlling provision of the securities laws, venue is not proper in this Court, and why the petition must be dismissed or transferred to the U.S. Court of Appeals for the D.C. Circuit.

     Three state political parties—the Georgia Republican Party (the Georgia Party), the New York Republican State Committee (the New York Party), and the Tennessee Republican Party (the Tennessee Party)—filed a joint petition for review in October 2016.  Petitioners ask this Court to review a Commission order approving a rule proposed by FINRA, a self-regulatory organization (SRO) that regulates brokers and other securities firms, that the Commission supervises, and that petitioners also named as a respondent.  In their petition, they invoke Section 25(a) of the Securities Exchange Act of 1934 (Exchange Act) as a basis to proceed in this Court.  15 U.S.C. 78y(a).  *See* Pet. for Review at 1.  According to petitioners' websites, the Georgia Party resides in Atlanta, GA, the New York Party resides in Albany, NY, and the Tennessee Party resides in Nashville, TN.[1]  Thus, only the Georgia Party resides or has its principal place of business in the Eleventh Circuit.

---

[1] *See* The Georgia Republican Party website, at http://gagop.org/; New York Republican State Committee, at http://www.nygop.org/; Tennessee Republican Party, at http://tngop.org/.

Mr. Smith, Clerk of Court
Page 2

Under the text of the appellate review statute that petitioners have invoked, this Court is not the proper venue to bring a *joint* petition for review when two of the three petitioners do not reside in this Circuit. Section 25(a) states that a "person aggrieved by a final order of the Commission" may seek review of that order in the "United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit." 15 U.S.C. 78y(a). While the Georgia Party could properly file a petition here, the other two petitioners do not reside or have their principal place of business here. Consequently, under the plain language of Section 25(a), the New York Party and the Tennessee Party may not proceed in this Court.[2]

Interpreting a comparable review provision, the Supreme Court reached the same conclusion. *Fed. Power Comm'n v. Texaco*, 377 U.S. 33 (1964). Two parties (Texaco and Pan American) that resided in different circuits sought review of an agency order in the Tenth Circuit, but, like Section 25(a), the pertinent review statute required challenges to be brought in the circuit in which the party "'is located or has its principal place of business,'" or in the D.C. Circuit. *Id.* at 38 (quoting 16 U.S.C. 825*l*). The Court held that because Texaco was a Delaware corporation that did not have its principal place of business "within the Tenth Circuit," its petition should have been dismissed for "lack of venue." *Id.* at 39 (proceeding to the merits of the other petition because Pan American's principal place of business was in the Tenth Circuit); *accord Bally's Park Place, Inc. v. NLRB*, 546 F.3d 318, 320-21 (5th Cir. 2008) (per curiam) (interpreting 29 U.S.C. 160(f) and dismissing where petitioner did not reside or transact business in a Fifth Circuit state).

There are no exceptions to Section 25 that would permit all three petitioners to proceed before this Court. First, petitioners cannot argue that filing a joint petition simply speeds things along under the theory that they could have filed petitions in the Second, Sixth, and Eleventh Circuits, invoked the statutory process for transferring multiple petitions, and ultimately arrived at this Court. Under 28 U.S.C. 2112(a)(5), multiple petitions for review filed more than 10 days after the entry of the agency order are sent to the court where the first petition was filed, which then may "transfer all the proceedings with respect to that order to any other court of appeals." *See also* 16 Wright *et al.*, *Fed. Prac. & Proc. Juris.* § 3944 (3d ed.) ("Transfer can be made even to a court that would not have had venue to entertain the review petition in the first instance, on the ground that it is in fact the most

---

[2] Section 25(a) creates exclusive appellate jurisdiction over challenges to covered Commission orders. *See Hill v. SEC*, 825 F.3d 1236, 1238-39 (11th Cir. 2016); *Am. Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332-33 (D.C. Cir. 2013). The Commission assumes for the sake of argument that failure to comply with Section 25(a)'s venue provision is not a jurisdictional defect.

Mr. Smith, Clerk of Court
Page 3

convenient place for review."). A key component of the Section 2112 process is a judicial determination about which venue is best situated "[f]or the convenience of the parties in the interest of justice." 28 U.S.C. 2112(a)(5).

Petitioners cannot short-circuit this process by filing a joint petition in this Court. If petitioners had filed three separate petitions in three different courts of appeals, the Commission would have moved to transfer to the court of first filing, in accordance with 28 U.S.C. 2112(a)(5). The transferee court would have then heard arguments about which forum was ultimately most suitable. *See Liquor Salesmen's Union v. NLRB*, 664 F.2d 1200, 1205 (D.C. Cir. 1981) ("It must be emphasized that [Section] 2112(a) is a mechanical device to determine which court will determine venue, not which court will ultimately hear the case."). Petitioners cannot use a joint petition to arrogate to *themselves* the authority to decide that their case will be heard in one of at least four potential forums—the Eleventh, Sixth, Second, or D.C. Circuits—without any *judicial* determination that doing so would be "[f]or the convenience of the parties in the interest of justice." 28 U.S.C. 2112(a)(5); *see also Remington Lodging & Hosp., LLC v. NLRB*, 747 F.3d 903, 905 (D.C. Cir. 2014) ("[F]ar from being 'absurd' or a meaningless formality," requiring petitioners to follow the terms of Section 2112(a) "makes a good deal of sense.").[3]

Second, petitioners' choice of forum should not control. When deference to choice of forum enters the analysis, the assumption is that the party seeking deference filed in the proper venue in the first place. *See Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 577-79 (2013) (explaining the difference between applying 28 U.S.C. 1404(a), where venue in the original court is proper and deference may be given to choice of forum, and 28 U.S.C. 1406(a), where original venue is improper); 15 Wright *et al.*, *Fed. Prac. & Proc. Juris.* § 3848 (4th ed.) (stating that Section 1404(a) cases are, "by definition," those "in which the plaintiff's choice of venue is proper under the applicable venue provisions"). But under Section 25(a), only the Georgia Party is properly before this Court. Given the clarity of the statute, this Court must defer to Congress's decision regarding the proper forum, not petitioners'. *Cf. Atl. Marine*, 134 S. Ct. at 581-82 (holding that a

---

[3] Petitioners are familiar with Section 2112; they recently (and incorrectly) argued in this Court that Section 2112 does not apply when a petition is filed pursuant to Section 25(a). Order, *Georgia Republican Party v. SEC*, No. 16-11656 (11th Cir. June 24, 2016). Represented by the same counsel as petitioners here, the Tennessee Party filed a petition in the Sixth Circuit. The next day, the Georgia Party and the New York Party filed a nearly identical petition in this Court (even though the New York Party does not reside here). This Court, applying Section 2112(a)(5), transferred the case to the Sixth Circuit (the circuit of first filing), where it is pending (and where the venue problem involving the New York Party remains). *Id.*

plaintiff's choice of forum "merits no weight" when a contractual forum selection clause applies).

Finally, petitioners cannot invoke concepts of "pendent venue" to extend venue to the New York and Tennessee Parties. "Pendent venue" allows district courts to "hear claims as to which venue is lacking if those claims arise out of a common nucleus of operative facts as the claims that are appropriately venued and the interests of judicial economy are furthered by hearing the claims together." *Sierra Club v. Johnson*, 623 F. Supp. 2d 31, 37 (D.D.C. 2009).

That doctrine does not apply here. "Pendent venue," which typically focuses on the factual connection between properly and improperly venued *claims*, may make sense for a statute that authorizes venue in a district court where the events "giving rise to the *claim* occurred," *see* 28 U.S.C. 1391(b)(2), but Congress through Section 25(a) chose to tie appellate venue to the residence of the petitioners, not the location of any "claim," *see* 15 U.S.C. 78y(a). Thus, "pendent venue," which permits a district court to hear multiple *claims* brought by a single party, *see Covey Run, LLC v. Wash. Capital, LLC*, __ F. Supp. 3d __, 2016 WL 3747529, at *9 n.9 (D.D.C. July 11, 2016), should not extend venue when multiple *parties* bring a *single claim* in a court of appeals under Section 25(a) and only one party is statutorily authorized to proceed in that court.

The rationale for pendent venue—the need to consolidate different petitioners for efficiency or judicial economy—does not apply where, in cases like this one, petitioners who reside in different judicial circuits challenge the same administrative order. In such a case there is a statutory framework directing courts on how to locate the single venue for the case to proceed. Section 2112(a) ensures that where petitions for review of the same order are filed in more than one court of appeals they will be transferred to a single court to avoid the inefficiencies that could arise from two or more courts of appeals issuing opinions addressing the same order.[4]

"Pendent venue" cannot be used "to defeat Congress's intention that certain types of claims be heard in specific places." *Martin v. U.S. Equal Employ't Opportunity Comm'n*, 19 F. Supp. 3d 291, 310 (D.D.C. 2014). That is what Congress intended in Section 25(a) when it prescribed where petitions could be filed, which

---

[4] This case is thus unlike cases in which the Section 2112(a) mechanism is unavailable, such as proceedings to review decisions of the United States Tax Court, to which the transfer provisions of Section 2112(a) do not apply (28 U.S.C. 2112(d)). *See, e.g., Estate of Israel v. Comm'r of IRS*, 159 F.3d 593, 596 (D.C. Cir. 1998) (rejecting an interpretation of the judicial-review provisions at issue in that case that would have required "split[ting] the appeal of a single Tax Court decision and forc[ing] one of the appellants to litigate the same case in another circuit").

Mr. Smith, Clerk of Court
Page 5

does not include the Eleventh Circuit for the New York and Tennessee Parties. And it is what Congress intended by prescribing a specific statutory procedure in Section 2112(a) that governs transfer of multiple petitions for review filed pursuant to Section 25(a).[5]

There are two ways to correct the venue problem that petitioners have created: dismissal or transfer. *See* 14D Wright *et al.*, *Fed. Prac. & Proc. Juris.* § 3827 (4th ed.) (explaining, in the district court context, that if venue is proper for some defendants but not others, the court may "transfer the entire case to another forum that would be proper for all the defendants," "retain the case as to those defendants who have been properly sued there," or "dismiss the action as to those defendants").

The Court may dismiss the petition in whole or in part (by dismissing just the New York and Tennessee Parties).[6] Dismissal would preclude refiling in another court of appeals because the 60-day limitations period in Section 25(a) has expired. Courts have approved such a result when the forum problem was foreseeable and forum shopping precipitated the initial filing. *See, e.g., Spar, Inc. v. Info. Res., Inc.*,

---

[5] It is not clear that "pendent venue" applies in the appellate context. The Fifth Circuit implied that pendent venue might be available in the appellate context based on a common nucleus of facts among the petitions challenging the same order. *See Merchants Fast Motor Lines, Inc. v.* ICC, 5 F.3d 911, 921 (5th Cir. 1993) ("NMFTA asks us to exercise pendent venue over its petition because it arises out of a common nucleus of operative facts with other petitions for review before this court in which venue is proper. We decline the invitation."); *see also Am. Newspaper Publishers Ass'ns v. U.S. Postal Serv.*, 789 F.2d 1090, 1092 (5th Cir. 1986) (distinguishing an earlier case in which the "residence" of a petitioner (and thus the venue for a petition) was uncertain by noting that the venue "issue was not presented [in that case] . . . because contemporaneous petitions for review had been filed by parties who did have their principal places of business within the Fifth Circuit and thus met any applicable venue test"). But, as explained above, Section 25(a) ties venue to the residence of the petitioners, and 28 U.S.C. 2112(a) delineates how venue is to be determined when multiple petitions are filed. Neither was at issue in the case before the Fifth Circuit. Section 2112(a)(5) gives *courts* rather than *litigants* the responsibility to decide whether a case will be heard in a particular forum is "[f]or the convenience of the parties in the interest of justice." 28 U.S.C. 2112(a)(5).

[6] There are likely to be Article III standing issues in this case—as political parties, petitioners are not members of FINRA that are subject to its rules—and it would be particularly inappropriate for the New York and Tennessee Parties to proceed because they have no statutory right to be in the Eleventh Circuit.

Mr. Smith, Clerk of Court
Page 6

956 F.2d 392, 395 (2d Cir. 1992) (affirming dismissal of case and refusing to transfer venue pursuant to 28 U.S.C. 1406(a) when "plaintiffs' attempt to transfer the case was, in some respect, forum shopping"); 14D Wright *et al.*, *Fed. Prac. & Proc. Juris.* § 3827 (4th ed.) ("[D]istrict courts often dismiss rather than transfer under Section 1406(a) if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and that similar conduct should be discouraged."). In this case, petitioners were aware of the forum issue; it was raised in this Court in a previous challenge to a different SRO's rule, which these same petitioners filed (as represented by the same counsel). *See supra* n.3. And the decision to file a joint petition in this Court—as opposed to the D.C. Circuit where such a joint petition could properly belong—was likely prompted by adverse D.C. Circuit precedent upholding the Commission's approval of an SRO rule that closely resembles the FINRA rule that the Commission approved and that is the basis of the challenge here. *See Blount v. SEC*, 61 F.3d 938, 941-49 (D.C. Cir. 1995); *Wagner v. FEC*, 793 F.3d 1, 26-30, 32 (D.C. Cir. 2015) (en banc) (citing *Blount* with approval), *cert. denied sub nom. Miller v. FEC*, 136 S. Ct. 895 (2016).

As an alternative to complete or partial dismissal, the Court may transfer the petition to the D.C. Circuit—the only court where a joint petition could have been filed in the first instance. This Court has the "inherent authority to transfer an appeal when it is not the court of proper venue" and when doing so "would be in the interest of justice." *Becker v. Comm'r of Internal Revenue*, 852 F.2d 524, 526 (11th Cir. 1988) (per curiam). In *Becker*, two taxpayers appealed a decision of the United States Tax Court to this Court, which was not the proper statutory venue. *Id.* at 524-25. The Court ruled that, "[b]ecause the time for filing a new appeal has expired, and because of the importance of the right of appellate review, we conclude that it would be in the interest of justice to transfer the taxpayers' appeal to the appropriate circuit." *Id.* at 526; *see also Clark & Reid Co. v. United States*, 804 F.2d 3, 7 (1st Cir. 1986) (relying on inherent authority and transferring case to a circuit with venue).

*Becker*'s ruling reflects the principle that an appellate court will not hear a case if it is an improper forum, but may instead transfer to a court where venue is proper. *See, e.g.*, 28 U.S.C. 1631 (authorizing transfer to proper court of appeals when "there is a want of jurisdiction"); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) (noting that, "where venue is proper for one defendant but not for another," a district court may "transfer the entire case to another district that is proper for both defendants"). Exercising this authority, at least one court has transferred a case to the D.C. Circuit where the petitioners resided in different venues but venue would be proper for all in the D.C. Circuit. *See ACLU v. FCC*, 774 F.2d 24, 26-27 (1st Cir. 1985) (per curiam).

Mr. Smith, Clerk of Court
Page 7


      The petition should be dismissed completely, dismissed as to the New York and Tennessee Parties, or transferred to the D.C. Circuit.  But it should not be adjudicated in this Court in its present form.


                                              Respectfully submitted,

                                            /s/ Jeffrey A. Berger
                                            Jeffrey A. Berger

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2017, I electronically filed the

Securities and Exchange Commission's Certificate of Interested Persons and

Letter Brief using the Court's CM/ECF system, which will send notice to all

parties.

/s/ Jeffrey A. Berger
Jeffrey A. Berger
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-5112
bergerje@sec.gov